IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRUCE D. WILLIAMS #746494 | § | |
| v. | § | CIVIL ACTION NO. 6:17cv104 |
| LORIE DAVIS, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Bruce Williams, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit complaining of alleged deprivations of his constitutional rights with regard to the legality of his confinement. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are: TDCJ-CID Director Lorie Davis; certified nurse aide Amanda Collins; Warden Kevin Wheat; Major Frank Facio; disciplinary hearing officer Captain Richard Rodenbeck; substitute counsel Ms. Reed; shift supervisor Lt. Allen; the Director of the University of Texas Medical Branch Hospital in Galveston; unit grievance investigator A. Dugger; Step Two grievance investigator Linda Richey; and Anderson County District Attorney Doug Lowe.

**I. Williams' Allegations**

Williams asserts that on June 10, 2012, Collins forced him by threats to engage in unwanted sexual intercourse. He furnishes documentation showing his allegations against Collins were sustained through an investigation conducted by the Safe Prisons / Prison Rape Elimination Act (PREA) program and Collins was charged with improper sexual contact, although she was allowed to enter a plea of guilty to the offense of possession of a prohibited substance in a correctional

1

facility. Although Williams received a disciplinary case for establishing an inappropriate relationship with Collins, the case was overturned.

**II. Procedural Background**

This is the third lawsuit which Williams has filed concerning the same incident. The first of these was styled *Williams v. Williams, et al.*, civil action no. 6:14cv516. On June 4, 2014, the Court issued a Report recommending that the lawsuit be dismissed as barred by the three-strikes provision of 28 U.S.C. §1915(g). In response to the Report, Williams filed two motions for extensions of time to pay the fee, which were granted, but then filed a motion asking that the lawsuit be voluntarily dismissed. This motion was granted and the lawsuit was dismissed without prejudice on February 2, 2015.

Almost a month earlier, on January 7, 2015, Williams filed a second lawsuit raising the same claims, paying the full filing fee. This lawsuit was styled *Williams v. Williams, et al.*, civil action no. 6:15cv7. On January 14, 2015, the Court issued a Report recommending that the lawsuit be dismissed with prejudice as malicious because it duplicated cause no. 6:14cv516. Williams filed objections but these were overruled and the lawsuit was dismissed with prejudice on February 9, 2015.[1] Some two years later, on February 10, 2017, Williams signed the present lawsuit.

**III. The Report of the Magistrate Judge**

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. After recounting the procedural history of the case, the Magistrate Judge stated that Williams had three strikes and had not paid the filing fee, nor did he show that he was in imminent danger of serious physical injury as of the time of the filing of the lawsuit.

Although Williams requested that the filing fee he paid in cause no. 6:15cv7 be applied to the present case, the Magistrate Judge determined that no statutory authority existed for doing so.

---

[1] When Williams filed objections in Case No. 6:15cv7, Case No. 6:14cv516 had a pending Report recommending that Williams' motion to dismiss be granted, but the case had not yet been dismissed.

The Fifth Circuit has held that the obligation to pay the full filing fee arises at the moment the lawsuit is filed. Thus, the Magistrate Judge explained that the fee paid in cause no. 6:15cv7 covered that case, and that case has become final. The fee paid in cause no. 6:15cv7 cannot be credited to a new lawsuit filed over two years later. Thus, the Magistrate Judge reasoned that Williams' present lawsuit was barred by §1915(g).

Even were it not so barred, the Magistrate Judge went on to state that Williams' second lawsuit concerning this same subject matter was dismissed with prejudice. The Fifth Circuit has held that dismissal of an action with prejudice serves as a complete adjudication of the issues presented by the pleadings and bars further action between the parties.

Third, the Magistrate Judge determined that Williams' present lawsuit is barred by the statute of limitations. Williams was aware of the incident at the time it occurred and was notified by letter dated March 17, 2014, that Collins had been convicted. Assuming the limitations period began to run at the time of the letter, it would have expired two years later, on March 17, 2016.

In this regard, the Magistrate Judge stated that Williams' first lawsuit was dismissed voluntarily and therefore did not toll the limitations period. The second lawsuit was dismissed with prejudice and bars refiling of the lawsuit and thus cannot toll the limitations period. Nonetheless, the Magistrate Judge concluded that even if Williams' second lawsuit did toll the limitations period, and the entire time that case was pending is not counted, a period in excess of two years elapsed between March 17, 2014 and the filing of the present lawsuit. Williams did not explain the passage of this amount of time nor show any other basis upon which the limitations period should be equitably tolled. The Magistrate Judge stated that the lawsuit may be dismissed as barred by limitations.

**IV. Williams' Objections**

In his objections, Williams first asserts that he is not trying to have the filing fee paid in cause no. 6:15cv7 applied to the present case. Instead, he states as follows:

> Petitioner refiled the suit and motion at issue under cause no. 6:14cv516 that was dismissed without prejudice, and respectfully asked the Honorable Court to apply

3

> the Four Hundred ($400.00) dollars filing fee that was sent with the refiled civil suit the clerk mistakenly gave a new cause number (6:15cv7), instead of filing under the pending cause number (6:14cv516). Based on the fact that cause no. 6:14cv516 was dismissed without prejudice, rendered the cause applicable to be reinstated for further proceedings.
>
> (RELIEF REQUESTED) If the Honorable Court determines that cause no. 6:14cv516 should be dismissed without further proceedings, then Petitioner avers that by law and in the interest of justice, and equal protection of the law, the ($400.00) dollars should be returned to his inmate trust fund account based on the facts and evidence established in Objection No. 2 that follows.

In his second objection, Williams states that his lawsuit no. 6:95cv899 was filed in November of 1995 and dismissed in January of 1996, and therefore cannot be counted as a strike under 28 U.S.C. §1915(g) because that statute had not yet been enacted. Thus, he should not have been determined to have three strikes.

In his third objection, Williams asserts that his lawsuit states a claim upon which relief may be granted. He asks that the Court issue an order reinstating cause no. 6:14cv516, contending that he was denied the right to proceed *in forma pauperis* and the Court's judicial screening was done in error without affording him any opportunity to notice and time to correct.

## V. Discussion

Williams asserts that he does not have three strikes because one of his lawsuits was filed and dismissed before 28 U.S.C. §1915(g) was enacted. The Fifth Circuit has held that cases dismissed prior to the date that §1915(g) was enacted are properly counted as strikes. *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462 (5th Cir. 1998). This contention is without merit.

The complaint in cause no. 6:15cv7 makes no mention of case no. 6:14cv516, and does not state that it is an attempt to proceed under that cause number. This complaint was filed after the Report recommending dismissal was issued in cause no. 6:14cv516, but before the entry of final judgment.

On January 14, 2015, the Magistrate Judge recommended that cause no. 6:15cv7 be dismissed as duplicative of case no. 6:14cv516. Williams filed objections arguing that case no. 6:14cv516 had been dismissed without prejudice. The district court overruled these objections, reasoning that cause no. 6:14cv516 was still pending and that Williams did not follow the Court's

4

instructions because he filed a new lawsuit instead of paying the full fee in case no. 6:14cv516. Williams filed two motions for reconsideration, both of which were denied.

The Magistrate Judge correctly determined that the filing fee which Williams paid in cause no. 6:15cv7 cannot be applied to cause no. 6:14cv516 nor to the present case. The obligation to pay the full filing fee arises at the moment the lawsuit is filed. *Hatchett v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000). Williams chose to voluntarily dismiss cause no. 6:14cv516 and file a new lawsuit, cause no. 6:15cv7. The fee which Williams paid in cause no. 6:15cv7 covered that case and no other. His contention that this fee should be applied to cause no. 6:14cv516 or to the present case is without merit.

To the extent Williams seeks to have the final judgment in cause no. 6:14cv516 set aside and that case reinstated, he has not shown that his request is timely. Fed. R. Civ. P. 60(b) provides for relief from judgment because of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misconduct, or misrepresentation of an adverse party; (4) that the judgment is void; (5) that the judgment has been satisfied; or (6) any other reason justifying the granting of relief from the judgment. The motion must be made within a reasonable time, which for subsections (1), (2), and (3) is defined as one year. *See First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 118-19 (5th Cir. 1992). In this case, two years has passed since the entry of final judgment in cause no. 6:14cv516. Williams does not explain this lapse of time, much less demonstrate that his request for reinstatement was made within a reasonable time.

In addition, cause no. 6:14cv516 cannot be reinstated because it would be barred by the three-strikes provision of 28 U.S.C. §1915(g), as the Magistrate Judge originally recommended in that case. Williams' objections seeking reinstatement of cause no. 6:14cv516 are without merit.

Finally, Williams asserts that his lawsuit states a claim upon which relief may be granted. He did not address the issue of the statute of limitations, which the Magistrate Judge correctly concluded serves to bar the present lawsuit. Nor has he shown why his present lawsuit should not be barred by §1915(g). Williams' objections are without merit.

5

## VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 8) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **17** day of **July, 2017.**

_____
Ron Clark, United States District Judge